IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| NOLAN ANTHONY MYERS, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 2:12-cv-00017 |
| v. | )<br>) |
| | ) Judge Nixon |
| CAROLYN W. COLVIN, | ) Magistrate Judge Bryant |
| Acting Commissioner of Social Security, | )<br>) |
| Defendant. | )<br>) |

## ORDER

Pending before the Court is Plaintiff Nolan Anthony Myers' Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 17.) On October 28, 2014, Magistrate Judge Bryant issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied and the decision of the Social Security Administration be affirmed. (Doc. No. 24 at 20.) On November 11, 2014, Plaintiff filed Objections to the Report (Doc. No. 26), to which the Commissioner did not respond. For the reasons stated below, the Magistrate Judge's Report is **ADOPTED** and the Plaintiff's Motion is **DENIED**. The Clerk of the Court is **DIRECTED** to close the case.

I. STANDARD OF REVIEW[1]

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act

---

[1] The Court adopts the Magistrate Judge's description of the facts and procedural posture of this case. (Doc. No. 24 at 1–15.) The Court describes the facts only as necessary to facilitate analysis of the parties' arguments below.

1

provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

## II. MYERS' OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

Myers objects to Magistrate Judge Bryant's recommendation that the ALJ's assessment of Myers' subjective complaints of disabling pain prior to August 17, 2009, is supported by

substantial evidence. In assessing a claimant's subjective complaints of disabling pain, the ALJ follows a two-step analysis:

> First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (internal citations omitted). Here the ALJ determined that Myers' underlying medically determinable physical impairments could reasonably be expected to produce his symptoms. (Tr. 21.)[2] Therefore, the ALJ was required to evaluate the effects of Myers' symptoms by considering the following:

> the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions.

*Id.* (citing 20 C.F.R. § 416.929).

The ALJ considers the claimant's credibility as part of the assessment of the effects of the claimant's symptoms. *Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, Soc. Sec. Ruling 96-7P, 1996 WL 374186, at *3 (1996). The ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at *2. "[W]hile credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence." *Rogers*, 486 F.3d at 249.

---

[2] The administrative record is available electronically at Docket Number 11.

The ALJ determined Myers' complaints of disabling pain in his back, knees, and feet were only partially credible and found he was capable of performing "light work" with certain restrictions prior to August 17, 2009. (Tr. 20.) The ALJ based this finding on the following: (1) normal x-rays of Myers' left foot and toes in September 2007 (Tr. 21, 379–80); (2) an August 2007 MRI showing only mild degenerative disc disease, the pain of which was alleviated by medications and injections (Tr. 21, 424, 452); (3) Myers' pain medications were being tapered off by January 2008 (Tr. 21, 408, 412); (4) Myers had only mild to moderate degenerative disc disease in June 2008 (Tr. 21, 491); and (5) Myers' reported activities of daily living, which included walking for exercise (Tr. 20–21, 45).

Upon review of the evidence, the Court concurs with the Magistrate Judge's recommendation that the ALJ properly found that "prior to August 17, 2009, plaintiff's impairments and symptoms limited him significantly—leaving him capable of only a reduced range of light work—but were not disabling." (Doc. No. 24 at 20.) Myers contends that the x-rays and MRIs showing none to mild impairments do not detract from his credibility because he was diagnosed with fibromyalgia, and "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs . . . [so] objective tests are of little relevance in determining the existence or severity of fibromyalgia." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007) (citing *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir.1988) (per curiam)). However, as the Magistrate Judge and the ALJ noted—and as Myers' Objection admits (Doc. No. 26 at 1–2)—the medical records from this time period indicate Myers' pain medications and injections were effectively managing his pain. The ALJ evaluated Myers' symptoms according to 20 C.F.R. § 416.929, and the Court finds the ALJ's evaluation was reasonable and supported by substantial evidence in the

record, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citation and internal quotation marks omitted).

III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Plaintiff's Motion. The Clerk of the Court is **DIRECTED** to close this case.

It is so ORDERED.

Entered this the 3rd day of June, 2015.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT